IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ELLIS TURNAGE, ON BEHALF OF
HIMSELF AND ALL OTHERS SIMILARLY
SITUATED LOAN APPLICANTS AND BORROWERS       PLAINTIFFS

V.                              CIVIL ACTION NO. 4:13-cv-00145-JMV

CLEVELAND STATE BANK;
CHARLOTTE EDWARDS, DANNY WHALEN
AND CALVIN DYE, INDIVIDUALLY AND IN
THEIR OFFICIAL CAPACITIES AS LOAN COMMITTEE
MEMBERS AND OFFICERS; AND JOHN DOES 1-5       DEFENDANTS

## PROTECTIVE ORDER

THIS Agreed Protective Order (hereinafter "Order") governs the disclosure and use of confidential information, as defined below, relating to any documents (whether in hard copy, electronically stored, in computer files, or any other digital format) produced to or by the Plaintiffs or the Defendants and shall be subject to the following provisions unless otherwise agreed by the parties or ordered by the Court.

IT IS THEREFORE, ORDERED as follows:

A. "Confidential information" means information or other form of evidence or discovery the producing party believes, in good faith, embodies, contains, or reflects confidential or proprietary information that is used by it in, or pertaining to, its business, which information is not generally known and which that party would normally not reveal to third parties, including but not limited to confidential research and development, policies, commercial, consumer, proprietary, non-public, technical, business, financial, minutes of corporate or committee meetings, sensitive, customer, third-party or private information or information or tangible things

that qualify for protection under the Federal Rules of Civil Procedure Rule 26(c). Any party may designate documents produced, or testimony given, in connection with this action as "Confidential." The designation of documents as "Confidential" shall be made by stamping or writing the word "CONFIDENTIAL" on the face of the copy of the document delivered by the producing party to the requesting party.

B. If any Party disagrees with the designation by the producing Party of any material as confidential information, then counsel for the objecting Party and counsel for the producing Party will attempt first to resolve the dispute on an informal basis before presenting the dispute to the Court. All items objected to shall continue to be treated as confidential information pending resolution of the Parties' dispute by the Court. If the dispute cannot be resolved informally, the objecting Party shall seek the intervention of the Court, and the producing Party bears the burden of persuading the Court that the information is in fact confidential information within the definition of that term set forth herein.

C. Entering into, agreeing to, and/or complying with the terms of this Order shall not: (a) operate as an admission by the producing Party that any particular documents, material, or information contain or reflect proprietary or commercial information; or (b) prejudice in any way the right of a Party at any time (i) to seek a determination by the Court of whether any particular document, item of material or piece of information should be subject to the terms of this Order; (ii) to seek relief on appropriate notice from any provision(s) of this Order, either generally or as to any particular document, item of material or piece of information; (iii) to object to any discovery request, including the right to assert that no discovery should be had of certain documents or information; or (iv) to seek documents or other information from any source.

D.  The parties and their attorneys shall use such documents, records, file, or other information only for the purpose of the preparation and prosecution of this particular litigation and for no other purpose whatsoever.

E.  The parties and their attorneys shall not copy, disseminate, give, show, make available, discuss, or communicate any such documents, records, files, or other information produced or provided by either side to anyone other than to:

   a. attorneys, paralegals and/or clerical employees, for the law firms of record in this matter;

   b. any outside experts or consultants used or retained in connection with the above-referenced action to the extent deemed necessary by counsel to aid in the prosecution, defense or settlement of the above-referenced action;

   c. the Court and its officers when required in the proceeding herein;

   d. a deponent or trial witness, including counsel for the deponent or witness, in the above-captioned action, during the course of examination;

   e. any person identified by the parties as having discoverable knowledge herein and to aid in the prosecution, defense or settlement of the above-referenced action;

   f. a third party for the limited purpose of copying documents or providing messenger service for documents to the extent reasonably necessary for use in preparation for and participation in trial of and proceedings in this case; or

   g. any professional, administrative, or regulatory body having regulatory oversight of the parties hereto.

The parties shall insure that any person or entity authorized to review confidential information

covered by this Order shall comply with the confidentiality requirements of this Order and be subject to the jurisdiction of the Court for enforcement purposes. Prior to receiving any Confidential Information, the recipient shall execute a Statement for Protective Order in the form attached hereto as Exhibit "A."

F. Neither party nor their attorneys, shall copy, transcribe, or otherwise reproduce in written or any other form any part or portion of any such documents, records, files or other information covered by this Order, except as necessary for purposes of the litigation and as allowed by the Court.

G. Neither party nor their attorneys shall discuss or disclose the contents of any confidential information covered by this Order with any other person, except between themselves for purposes of this particular action, or between the parties or counsel of record, or between other persons permitted in this Order and that have signed a Statement of Protective Order in the form attached hereto as Exhibit "A.".

H. Documents, records, files or other information covered by this Order do not lose their protection if they are used in depositions, discovery responses, or other non-public litigation proceedings of this case, and counsel shall exercise their best efforts and take all steps reasonably required to protect the confidentiality of same during such use and regarding any subsequent transcription of the proceeding.

I. Notwithstanding any other provision of this Order to the contrary, the confidentiality obligations of this Order shall not apply or shall cease to apply to any information that:

> a. at the time of disclosure hereunder was generally known to the public or the document containing the information is already in the public record by

publication or otherwise;

b. since the time of disclosure hereunder has become, through no act or failure on the part of the receiving party, part of the public domain by publication or otherwise;

c. was disclosed to a third party having no obligation of confidentiality to the producing party hereunder, except to the extent that such information was disclosed for the purpose of circumventing the protection of trade secrets and other confidential and proprietary information.

d. the producing party agrees the confidential information may be disclosed to a third party under no obligation of confidentiality; or

e. The producing party makes the confidential information an exhibit to any hearing and/or motion filed with the Court not under seal.

The confidentiality obligations of this Order shall not cease to apply to any information that is inadvertently or intentionally disclosed by either party or any third party.

J. Nothing in this Order shall prohibit either party from objecting to the production or disclosure of any such documents, records, files, or other information on the grounds that such information is confidential, proprietary, a trade secret, sensitive, protected by a medical privilege or HIPAA, protected by the attorney/client or work product privilege, or on any other basis under the law. Furthermore, nothing in this Order shall preclude the parties from objecting to the admissibility or use of the confidential documents, records, files, or other information in this litigation. This Order shall not be construed as a waiver of any party's right to object to admission of the Discovery Materials during the discovery process or at any hearing.

K. Nothing in this Order shall prohibit either party from moving to require that any

such documents, records, files, or other information that are filed with the Court be filed under seal, in which case such pleadings or documents shall be filed under seal. Any party may request that a pleading or other documents filed with the Court be placed under seal. Such request shall comply with the requirements and procedures of Rule 79 of the Uniform District Court Rules of the Northern and Southern Districts of Mississippi. Upon the Court approving the request, the Pleadings or other documents shall be submitted pursuant to requirements and procedures of Rule 79 of the Uniform District Court Rules of the Northern and Southern Districts of Mississippi and/or as requested by the Court. Until further order of the Court, such Pleadings or other documents shall remain under seal except for their use by the Court or pursuant to consent of the party or parties claiming confidentiality.

L. Where disputes arise as to the applicability of this Order to any such documents, records, files or other information produced or provided by either party, such disputes shall be resolved, if possible, by agreement of the parties to this action. If after a reasonable time the parties cannot reach an agreement to resolve such a dispute, either party may move the Court to rule on the issue.

M. The provisions of this Order shall survive and remain in full force and effect after the entry of final judgment, including any appellate proceedings in this case, whether by settlement or adjudication.

N. This Order is entered without prejudice to the right of any party to seek modification of this Order. Nothing in this Order shall prohibit a party from seeking further protection of Discovery Materials by stipulation among all the parties or by application to the Court.

O. Nothing in this Order shall restrict the use by a party of Discovery Materials that

it produced, authored, prepared or otherwise generated.

P.  If any material as to which a party claims privilege is inadvertently produced during discovery in this proceeding, such inadvertent production shall not be a waiver of any claim of privilege by the asserting party.  Upon receiving notice of the inadvertent production of a privileged document, the other parties shall immediately return to the party asserting the privilege all originals and copies of the documents as to which a claim of privilege is asserted.  This provision is without prejudice to any party's right to move or to make application for an order directing that privileged documents already in possession of another party be returned to the party asserting the privilege and seek to restrict the use of the documents or information contained therein.  This provision shall not be deemed a waiver of the right of any party to challenge a claim of privilege

Q.  Disclosure of any discovery materials by any party to this action in contravention of the terms of this Order may result in the imposition of sanctions at the Court's discretion, upon a showing of good cause.

R.  The Court shall retain jurisdiction, both before and after the entry of final judgment in this case, whether by settlement or adjudication, to construe, enforce, and amend the provisions of this Order.

**SO ORDERED**, this the 27th day of March, 2014.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**