IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ELLIS TURNAGE                                                                                           PLAINTIFF

VS.                                                            CIVIL ACTION NO. 4:13-CV-00145-JMV

CLEVELAND STATE BANK, ET AL.                                                                DEFENDANTS

## ORDER DEFINING SCOPE OF HEARING

This matter has been set for an in-person hearing on November 6, 2014, on Plaintiff's Motion to Compel Discovery [39] and Defendants' Motion to Seal Defendants' Response to Plaintiff's Motion to Compel Discovery [50].

As an initial matter, the court reminds the parties that the scope of the issues before it are limited to class certification discovery, not merits discovery–except to the extent the one necessarily entails the other. *See* CMO [11] entered February 14, 2014. Turning to Plaintiff's Motion to Compel, at the hearing Plaintiff should be prepared to identify on the record the specific claims he is asserting on behalf of the putative class(es); the definition of the putative class(es) as relates to each identified cause of action; the elements of each cause of action asserted on behalf of each putative class; and, most importantly, how the requested discovery is reasonably calculated to lead to the discovery of admissible evidence on one or more of the following issues as pertains to each putative class's causes of action:

> 1) Whether claimants in each class are so numerous that joinder of all is impracticable.

> 2) Whether the claims of the members within each class are sufficiently common to warrant class certification. This will necessarily entail an understanding of the elements of each such cause of action. Further in this respect, counsel is directed to consider the import of the holdings in *Wal-Mart Stores, Inc. v. Dukes,* 131 S.Ct. 2541 (2011) and *General Telephone Co. of Southwest v. Falcon*, 457 U.S.

147 (1982) and cases decided since their passage.

3) Whether Plaintiff's claims are typical of the claims of each class.

4) Whether Plaintiff will fairly and adequately protect the interests of each class.

In as much as Plaintiff has asserted that his claims for class certification are brought pursuant to Rule 23(b)(2), counsel should also be prepared to articulate how the discovery at issue is reasonablely calculated to lead to the discovery of admissible evidence regarding the 23(b)(2) criteria for class certification.

Defense counsel are similarly instructed to be prepared to articulate why each discovery request in dispute is not reasonably calculated to lead to the discovery of admissible evidence on the certification criteria identified above and specified in Rule 23(a) and (b)(2).

Finally, as regards Defendants' Motion to Seal, defense counsel should be prepared to identify what particular information in Defendants' Response to Plaintiff's Motion to Compel Defendants deem confidential and proprietary. Defense counsel must explain whether the information is otherwise available to the public and why redaction–as opposed to sealing the entire document–is not a more appropriate means of protecting the information Defendants deem confidential.

So Ordered this 28th day of October, 2014.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE